**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| TAMMY LAMBERT-PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) |
| HIGHLINE WARREN, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Tammy Lambert-Price, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I.  Jurisdiction

1.      This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5.

2.      This Honorable Court has supplemental jurisdiction over Plaintiff's state law claim of violation of the Ohio Rights Act ("ORC") pursuant to ORC Chapter 4112.

3.      Plaintiff has exhausted federal administrative remedies.  Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) (EEOC No.: 533-2025-02037), and it was dual filed with the Ohio Human Rights Commission. On November 28, 2025, the EEOC issued a Right-to-Sue letter.  This suit is timely filed.

### II.    Venue

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

1

III.    The Parties

5.      Plaintiff, Tammy Lambert-Price, ("Tammy") is an adult individual who resides at 518 44th Street, Shadyside, Ohio 43947.

6.      Defendant, Highline Warren, LLC ("Highline"), is a multinational corporation with its headquarters located in Bentonville, Arkansas.  Defendant owns and operates Highline Warren, LLC located at 60581 OH-7, Shadyside, Ohio 43947.

III.    Factual Background

7.      Tammy was hired by Highline in July of 2024.  She was employed as a "Forklift Operator and Picker" at Highline until she was illegally fired on February 25, 2025.

8.      Highline employed Tammy and she was the only female employee working with dozens of males during the 11:30 a.m. to 8:00 p.m. shift.  Highline did not provide training to Tammy for the operation of the forklift or the picker position as they provided training to the male employees.  Highline's inaction disproportionately negatively impacted Tammy.

9.      Tammy was subjected to sexual harassment by a male co-worker, Joe Auber ("Auber") beginning in December of 2024.   Tammy refused Auber's advances and he started to refer to her as a "slut."  In January of 2025, Auber physically grabbed Tammy's buttocks and commented that she had a "nice ass."  Tammy reported Auber's conduct to her supervisor who stated that he was not engaging the drama and told Tammy to go back to work.  As the harassment continued Tammy reported the misconduct and instead of Highline taking action to investigate and/or stop the harassment, Tammy was informed that if she did not stop complaining and if management had to deal with her complaints anymore, she would be written up.

10.     The sexual harassment continued and escalated to involve contact and threats outside of the workplace from Auber and his girlfriend, Brittany Morris ("Brittany"), via social

2

media and text messages.  The threats caused Tammy to fear for the safety of herself and her family.  Tammy filed a police report with the Glen Dale West Virginia Police Department.

11.     On or about February 21, 2025, an incident occurred at work in which two (2) boxes fell off of Tammy's forklift.  No products were damaged.  Similar incidents occurred often to the male forklift operators without the males being fired for such incidents.

12.     Following a specific threat of violence on February 22, 2025, by Auber's girlfriend, Brittany (who is also an employee of Highline, at its Glen Dale West Virginia location), in which she wrote "I'm gonna wait for you outside your house," Tammy called Defendant's corporate office and informed them that if something wasn't done about the escalating situation she would be contacting a lawyer.

13.     The following Monday, February 24, Tammy prepared documentation about the harassment.

14.     On Tuesday, February 25, 2025, Tammy received a phone call from Highline advising her that she was fired for dropping the aforementioned boxes on February 21, 2025.

## COUNT I – TITLE VII

### Sex Discrimination and Retaliation

15.     Plaintiff incorporates by reference the averments of Paragraphs 1-14 of the Complaint as if the same were set forth in full.

16.     The above-described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

17.     Defendant's actions were also performed with malice and/or reckless indifference to the Plaintiff's federally protected rights.

18.     As a direct and proximate result of the above-mentioned employment practices, Tammy has lost income in the form of back and front pay, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Tammy Lambert-Price demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## COUNT II – PLAINTIFF'S CLAIMS UNDER THE ORC

### Sex Discrimination and Retaliation

19.     Tammy Lambert-Price incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

20.     The ORC prohibits discrimination, harassment, and retaliation based upon a person's sex.

21.     Tammy was discriminated against, harassed, and retaliated against because of her sex more fully described herein in violation of the ORC.

22.     Defendant's alleged reasons for the illegal conduct are a pretext for illegal discrimination, harassment, and/or retaliation.

4

23.     Defendant's unlawful practices caused Plaintiff to suffer damages including but not limited to emotional distress, and mental anguish, humiliation, embarrassment, damage to her reputation, and inconvenience.

24.     Defendant's deliberate discrimination and retaliation against Plaintiff is unlawful and violates the ORC.

WHEREFORE, Tammy Lambert-Price seeks a judgment in her favor against Defendant including, injunctive relief, compensatory damages, prejudgment interest, post-judgment interest, attorney fees and costs, and any other monetary and equitable relief that is just under the circumstances.

JURY TRIAL DEMANDED

                                        Respectfully submitted,

                                        By:  s/ Thomas B. Anderson
                                        Thomas B. Anderson, Esq.
                                        BORDAS AND BORDAS, PLLC
                                        420 Fort Duquesne Blvd, Suite 1800
                                        Pittsburgh, PA 15222
                                        (412) 502-5000
                                        tanderson@bordaslaw.com

Dated: February 5, 2026